UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

M. ALI CONSTRUCTION, INC.,

                              Plaintiff,

                -against-

UNITED SPECIALTY INSURANCE COMPANY
and MEADOWBROOK, INC. a/k/a
MEADOWBROOK INSURANCE AGENCY
SERVICES,

                              Defendants.

**MEMORANDUM & ORDER**

**19-CV-4514 (NGG) (CLP)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff M. Ali Construction, Inc. ("M. Ali") brings this action against Defendants United Specialty Insurance Company ("United") and Meadowbrook, Inc., a/k/a Meadowbrook Insurance Agency Services ("Meadowbrook"), seeking a declaratory judgment that United is obligated to defend and indemnify Plaintiff in relation to a claim made by Fitz I. Duncan ("Duncan"), an employee of Plaintiff, against the Metropolitan Transit Authority ("MTA"). (Compl. (Dkt. 1-2 at ECF 3-8) ¶¶ 1, 6.) Defendants move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint with prejudice based on Plaintiff's failure to state a claim upon which relief can be granted. (*See* Mem. in Supp. of Mot. to Dismiss ("Mem.") (Dkt. 9-1) at 1.) For the reasons stated below, the motion is GRANTED.

## I.   BACKGROUND

### A.   Facts

The following factual summary is drawn from the facts alleged in the complaint, which the court generally accepts as true. *See*

1

*N.Y. Pet Welfare Ass'n v. City of New York*, 850 F.3d 79, 86 (2d Cir. 2017).[1]

Plaintiff was a subcontractor on the 36-03 Flood Mitigation Project for the Triborough Bridge and Tunnel Authority, a division of the MTA. (Compl. ¶ 6.) As required by Plaintiff's contract with the project's general contractor, Judlau Contracting, Inc. ("Judlau"), Plaintiff obtained a General Liability Coverage bearing policy number USA4197816 (the "Policy") from United. (*Id.* ¶ 7; *see also* Policy (Dkt. 11-3).)

On September 14, 2018, Duncan was injured in an accident that he alleges occurred while he was performing his job duties. (Compl. ¶ 9.) On November 28, 2018, Duncan's counsel served a notice of claim on the MTA. (*Id.* ¶ 10.) On December 7, 2018, the MTA tendered the claim to Judlau's insurer, Travelers Indemnity Company ("Travelers"). (*Id.* ¶ 11.) Travelers then tendered the claim to United. (*Id.* ¶ 12.)

Meadowbrook, which handles claims on behalf of United, denied Duncan's claim based on the endorsement form CGL 1702 11/00 (the "Action Over Exclusion"), which amends the Employer's Liability Inclusion contained in the Policy. (*Id.* ¶¶ 13, 19; *see also* Letter Denying Claim (Dkt. 11-7).) The Employer's Liability Exclusion provides as follows:

> This insurance does not apply to:
>
> e. Employer's Liability
>
> "Bodily Injury" to:
>
> > (1) An "employee" of the named insured arising out of and in the course of:
> > > (a) Employment by the named insured; or

---

[1] When quoting cases, unless otherwise noted, all citations and quotation marks are omitted and all alterations are adopted.

> > (b) Performing duties related to the conduct of the named insured's business; or
>
> > (2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (I) above.
>
> This exclusion applies whether the named insured may be liable as an employer or in any other capacity and to any obligation to share damages because of the injury.
>
> This exclusion does not apply to liability assumed by the insured under an "insured contract."

(*Id.* ¶ 15; *see also* Policy at ECF 4.)

An "insured contract" is defined as:

> That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality) under which you assume tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means liability that would be imposed by law in the absence of any contract agreement.

(Compl. ¶ 17; *see also* Policy at ECF 16.)

The Action Over Exclusion, however, replaces the Employer's Liability Exclusion:

> It is agreed that the following change is made to Coverage A. 2. Exclusions: Exclusion e. Employer's Liability is *deleted in its entirety* and replaced with the following:
>
> e. Employer's Liability "Bodily injury" to:
>
> > (1) An "employee" of the named insured arising out of and in the course of:
> >
> > > (a) Employment by the named insured; or
> > >
> > > (b) Performing duties related to the conduct of the named insured's business; or

3

> (2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (I) above.

This exclusion applies:

> (1) Whether the named insured may be liable as an employer or in any other capacity; and
> (2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

(Policy at ECF 52 (emphasis added).)

## B. Procedural History

Plaintiff filed its original complaint in the Kings County Supreme Court on July 8, 2019. Defendants removed the case to this court on August 6, 2019. (*See* Not. of Removal (Dkt. 1-1).) Currently pending before the court is Defendants' motion to dismiss for failure to state a claim. (*See* Mem.; Pl. Mem. in Opp. to Mot. to Dismiss ("Opp.") (Dkt. 11); Reply (Dkt. 10).)

## II. LEGAL STANDARD

The purpose of a motion to dismiss for failure to state a claim under Rule 12(b)(6) is to test the legal sufficiency of a plaintiff's claims for relief. *Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (per curiam). A complaint will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In evaluating a motion to dismiss, a court may consider documents central to a plaintiff's claim, documents sufficiently referred to so as to be deemed "integral" to the complaint, and

4

documents over which a court may take judicial notice. *See King v. City of New York*, No. 12-cv-2344 (NGG), 2014 WL 4954621, at *7-8 (E.D.N.Y. Sept. 30, 2014) (citing *Global Network Comms., Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006)); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (holding that courts may consider an extrinsic document when the complaint "relies heavily upon its terms and effect"). The purpose of this rule is to "prevent[] plaintiffs from generating complaints invulnerable to Rule 12(b)(6) simply by clever drafting." *King*, 2014 WL 4954621, at *8 (quoting *Global Network*, 458 F.3d at 157).

## III. DISCUSSION

Plaintiff contends that the Action Over Exclusion only applies to claims against Plaintiff itself as the named insured and, as such, does not bar coverage for claims against the MTA or Judlau as additional insureds,[2] even where, as here, the claimant is Plaintiff's employee. As discussed below, however, Plaintiff's position is contrary to the plain language of the Action Over Exclusion, which unambiguously bars coverage for any claim by an employee of the named insured for injuries sustained in the course of her employment. As such, Plaintiff's claim fails as a matter of law and the court accordingly grants Defendants' motion to dismiss with prejudice.

### A.   The Action Over Exclusion

The Action Over Exclusion endorsement, by its language, bars coverage to all insureds and purported additional insureds for any injuries to an employee of the named insured. This bar applies regardless of the capacity in which the named insured might

---

[2] Assuming that either or both qualifies as an additional insured, an issue that the court need not resolve.

be liable, including to any obligation to share damages with another party that might be liable for the same injury. (*See* Policy at ECF 52.) Duncan was injured within the scope of his employment by Plaintiff, who is the named insured in the Policy. Therefore, the Action Over Exclusion applies and bars coverage.

The scope of action over exclusion endorsements containing similar or identical language has been litigated multiple times in this circuit and, in every instance, the conclusion has been the same: the exclusion bars coverage for *any* claim made by an employee of the named insured for an injury sustained during the course of her employment. *See Endurance Am. Specialty Ins. Co. v. Century Sur. Co.*, 630 F. App'x 6, 8 (2d Cir. 2015) (summary order) (identical action over exclusion endorsement barred coverage where claimant was employee of named insured); *see also Old Republic Gen. Ins. Corp. v. Cent. Sur. Co.*, No. 17-cv-3415 (PGG), 2018 WL 4356729 (S.D.N.Y. Sept. 12, 2018), *aff'd*, 778 F. App'x 57, 58 (2d Cir. 2019) (summary order); *Cent. Sur. Co. v. Atweek, Inc.*, No. 16-cv-335 (ENV), 2019 WL 1994172, at *5 (E.D.N.Y. May 6, 2019); *Cent. Sur. Co. v. Vas and Sons Corp.*, 17-cv-5392 (DLI) (RLM), 2018 WL 6164724, at *4 (E.D.N.Y. Aug. 31, 2018), *report and recommendation adopted*, 2018 WL 4804656 (E.D.N.Y. Sept. 30, 2018).

Judge Gershon of this district analyzed an almost identical set of facts in *United Specialty Ins. Co. v. All State 12 Gen. Contracting Corp.*, No. 18-cv-2863 (NG), 2019 WL 2912759 (E.D.N.Y. July 8, 2019). There, United sought a declaratory judgment that it had no duty to defend and indemnify defendant All State in two underlying actions arising from an incident in which an employee of All State's subcontractor was injured at the site of a construction/demolition project. *Id.* at *1. Judge Gershon held that United had no duty to defend or indemnify All State because the Action Over Exclusion precluded coverage to additional insureds for claims by an employee of the named insured. *Id.* at *2.

In the face of these uniform precedents, Plaintiff, relying on *Emp'rs Ins. Co. of Wausau v. Harleysville Preferred Ins. Co.*, 726 F. App'x 56 (2d Cir. 2018) (summary order), argues that the Action Over Exclusion only applies to claims that impose employer liability against the named insured. As such, Plaintiff contends, it does not apply here, since Duncan asserted his claim against the MTA, which is not his employer. (Opp. at 13.) "This logic would apply if," as was the case with the policy at issue in *Harleysville*, "the Action Over Exclusion clause used the language 'the insured' rather than 'the named insured.'" *Endurance*, 630 F. App'x at 8. However, "the language 'the named insured' evinces that the Action Over Exclusion clause specifically exclude[s] coverage for bodily injury to employees of the named insured." *Id.* Because Duncan is Plaintiff's employee, coverage is barred.

Plaintiff also suggests in its complaint and, in passing and without citation to case law in its opposition papers, that the Action Over Exclusion maintains the "insured contract" exception to the Employer's Liability Exclusion, despite the fact that the Action Over Exclusion, by its terms, "delete[s][the Employer's Liability Exclusion] in its entirety and replace[s] it." (Policy at ECF 52.) To the extent that Plaintiff intends to make this argument, it is summarily rejected. *See Atl. Cas. Ins. Co. v. Cheyenne Country*, 515 F. App'x 398, 403-04 (6th Cir. 2013) (summary order) ("The words 'deleted in its entirety and replaced' do not require a law degree to understand.").

### B.   Ambiguity

Plaintiff also argues, in the alternative, that the Employer's Liability Exclusion[3] is ambiguous. (Opp. at 16.) Plaintiff cites as support *Hastings Dev., LLC v. Evanston Ins. Co.*, in which the Second Circuit held that a similar exclusion was ambiguous. 701 F. App'x

---

[3] Presumably as modified by the Action Over Exclusion, although Plaintiff's opposition papers are ambiguous on this point.

40, 43-44 (2d Cir. 2017). In *Hastings*, however, the ambiguity arose out of the fact that there were five named insureds and claimant was employed by a different named insured from the named insured that was seeking coverage. *Id.*

Plaintiff contends that this precedent applies because the Policy is ambiguous as to the definitions of and distinctions between the "named insured" and an "additional insured," such that the MTA or Judlau may qualify as named insureds. Plaintiff is wrong. As an initial matter, the court notes that the Second Circuit, albeit in a non-binding summary order, examined *identical* language and held it to be unambiguous. *See Endurance*, 630 F. App'x at 7. While that precedent is not binding on this court, it is highly persuasive. And, in any case, having examined the Policy, the court reaches the same conclusion.

Under New York law, a contract is ambiguous if it is "susceptible to more than one reasonable interpretation." *Evans v. Famous Music Corp.*, 1 N.Y.3d 452, 458 (2004). The Policy, however, clearly delineates the distinction between the named insured and additional insureds. Specifically, the named insured is defined as the party so named in the policy declaration and, with strict time limitations, certain organizations that the party named in the declaration establishes or acquires during the coverage period. (Policy at ECF 3, 12.) Meanwhile, an "insured" or "additional insured" (terms which the Policy uses interchangeably) is defined as, *inter alia*, "any person or organization for whom you[4] are performing operations when you and such person or organization have agreed in a contract … that such person or organization be added as an additional insured." (Policy at ECF 41.) Plaintiff is the only party named in the declaration (*see* Decl. (Dkt. 10-1 at ECF 3)); moreover, as there are no allegations that Plaintiff either

[4] As used in the Policy, "the word[] 'you' … refer[s] to the Named Insured shown in the Declarations." (Policy at ECF 3.)

formed or acquired Judlau or the MTA, neither qualifies as a named insured under the Policy.[5]

## IV. CONCLUSION

For the reasons stated above, Defendants' (Dkt. 9) Motion to Dismiss is GRANTED. Further, because any amendment of the complaint would be futile, the dismissal is with prejudice. *See generally Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129 (2d Cir. 1993). The Clerk of Court is respectfully DIRECTED to enter judgment in favor of Defendants and close this case.

SO ORDERED.

Dated:     Brooklyn, New York
           June 17, 2020

                                    /s/ Nicholas G. Garaufis
                                    NICHOLAS G. GARAUFIS
                                    United States District Judge

---

[5] The court also notes that the Court of Appeals has interpreted the precise language defining additional insureds in the Policy to require direct contractual privity between the named and putative additional insured. S*ee Gilbane Bldg. Co./TDX Constr. Corp. v. St. Paul Fire & Mar. Ins. Co.*, 31 N.Y..3d 131, 134 (2018). Insofar as the subcontract at issue in this case is between Judlau and Plaintiff (Subcontract (Dkt. 11-2) at 1), it is not clear that MTA qualifies as an additional insured either.